IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DERIC LaVELLE MAY,       :
    Plaintiff,         :
                          :
                          :
vs.                      :   CIVIL ACTION 13-429-CB-M
                          :
PAMELA BARBER,           :
    Defendant.         :
                          :

REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate, Deric LaVelle May, proceeding *pro se*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. During the screening of the Complaint,[1] the Court discovered that this action is subject to the provisions of 28 U.S.C. § 1915(g). Accordingly, it is recommended that this action be

---

[1] Pursuant to Local Rule 83.9, *pro se* plaintiffs are required to file their pleadings on forms provided by the Court. Plaintiff initially failed to comply with this Rule when filing the present action and, on August 26, 2013, was ordered by the Court to bring his Complaint into compliance with the Rule. (Doc. 3). On September 18, 2013, Plaintiff complied with the Court's order and filed his § 1983 action on the correct form (Doc. 4), and on October 25, 2013, filed his Motion to Proceed Without Prepayment of Fees. (Doc. 6). Since the time at which Plaintiff filed his Complaint is at issue, the Court will consider Plaintiff's original non-compliant Complaint to determine time of filing. (Doc. 1). For purposes of determining imminent danger of serious physical injury under § 1915(g), the Court will consider the content of Plaintiff's second Complaint. (Doc. 4).

dismissed without prejudice under 28 U.S.C. § 1915(g) for the reasons stated below.

Under the Prisoner Litigation Reform Act ("PLRA"), prisoners are permitted to file only three meritless suits in the *in forma pauperis* status. 28 U.S.C. § 1915(g). Specifically, § 1915(g) states in pertinent part:

> In no event shall a prisoner bring a civil action or appeal judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* This section of the Prisoner Litigation Reform Act is known as the "three-strike rule." Under this rule, once a prisoner has three actions dismissed for one of the reasons stated above, "he is not entitled to proceed *in forma pauperis* . . . unless he can demonstrate that he meets the 'imminent danger' requirement § 1915(g)." *Pointer v. Marc,* 2011 WL 847012, at *1 (S.D. Ohio Mar. 8, 2011). "The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full

filing fee when his next action is filed." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

After reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama through PACER ("Public Access to Court Electronic Records"), the Court discovered that Plaintiff has had at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *May v. Culliver,* 1:10-CV-121-CG-C (S.D. Ala. Feb. 24, 2012)(Doc. 40)(complaint dismissed for failure to state a claim), (Doc. 55)(appeal dismissed as frivolous); *May v. Barber,* 1:13-CV-237-CB-C (S.D. Ala. July 22, 2013)(dismissed as malicious). Thus, as of July 22, 2013, Plaintiff became a "three-striker" and, based on the analysis below, the present action falls under the purview of 28 U.S.C. § 1915(g).

Our Circuit has consistently looked at the time of filing when considering whether § 1915(g) prevents a prisoner from proceeding *in forma pauperis. See Brown v. Johnson,* 387 F.3d 1344, 1347 (11th Cir. 2004)(stating that a prisoner is prevented from proceeding *in forma pauperis after* he has filed three meritless lawsuits)(emphasis added); *Dupree v. Palmer,* 284 F.3d at 1236 (11th Cir.

2002)(examining whether a prisoner's complaint fell under § 1915(g) "at the moment of filing"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001)("*[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit*")(emphasis added). "The plain reading of § 1915(g) also suggests that strikes are to be counted at the time the complaint is filed." *Dollar v. Coweta Cnty. Sheriff Office,* 510 F.App'x 897, 900 (11th Cir. 2013). The relevant language of the provision reads "[i]n no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more *prior* occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim . . . ." 28 U.S.C. § 1915(g)(emphasis added). Therefore, we must determine the date that Plaintiff filed this Complaint to determine if he may proceed with this action.

Ordinarily, *pro se* prisoner plaintiffs will receive the benefit of the "prisoner mailbox rule" established in *Houston v. Lack.* 487 U.S. 266, 270-76 (1988)(a *pro se* prisoner's notice of appeal is deemed "filed" at the moment he delivered it to the warden for forwarding to the district clerk); *see also Garvey v. Vaughn,* 993 F.2d 776, 783 (11th Cir. 1993)(holding that "*the date of filing shall*

4

*be that of delivery to prison officials* of a complaint or other papers destined for district court for the purpose of ascertaining timeliness")(emphasis in original). The purpose of this rule is to accommodate the unique obstacles faced by litigants who are both imprisoned and unrepresented. When handing off their pleadings to prison authorities, *pro se* prisoner plaintiffs run the risk of prison authorities delaying forwarding their pleadings to the district clerk to allow relevant time limits to run before they are deemed filed. *See generally Houston v. Lack,* 487 U.S. 266 (1988). Furthermore, *pro se* prisoner Plaintiffs do not have the luxury of monitoring the processing of their filings to ensure they are timely, nor may they make a last minute trip to the courthouse if their pleadings fail to arrive on time, nor may they rely on their attorney to ensure timely delivery. Thus, the Supreme Court reasoned that mailbox rule was necessary to protect *pro se* prisoner plaintiffs from these obstacles. *Id.*

Nevertheless, the prisoner mailbox rule is strictly construed to apply *only* when a prisoner gives his pleadings to prison authorities for forwarding to the district clerk. *See Allen v. Culliver,* 2005 WL 1155672 (S.D.Ala. May 16, 2005)(concluding that the mailbox rule does not apply if a

5

*pro se* prisoner delivers his notice of appeal to someone outside the prison system for forwarding to the court); *Knickerbocker v. Artuz,* 271 F.3d 35, 37 (2d Cir. 2001)(holding that although plaintiff timely dated the notice of appeal, he delivered it to his sister for mailing instead of prison officials thereby negating application of *Houston's* prisoner mailbox rule); *see also Dison v. Whitley,* 20 F.3d 185, 186-87 (5th Cir. 1994), (plaintiff's delivery of his notice of appeal to his agent outside the prison does not constitute a timely filing).

In determining the date that Plaintiff filed his Complaint (Doc. 1), the Court notes that there is no indication as to when Plaintiff signed his pleading; however, that is of no consequence because, in order to benefit from the prisoner mailbox rule, Plaintiff must have given his document to prison authorities for forwarding to the district clerk. Plaintiff did not do so, and instead, delivered his document to his agent, over whom the Court presumes he had control, a Mrs. Joyce B. Ware, who mailed Plaintiff's Complaint from Duncanville, Alabama- some 200 miles[2] away from Holman Prison where Plaintiff is housed. Plaintiff's Complaint reached the district clerk's office

---

[2] From Duncanville, AL to Holman Prison Map, *Google Maps*. Google, 28 October 2013 (indicating 204 miles, 3 hours and 12 minutes).

6

on August 21, 2013 and is therefore deemed filed on that date.

As noted above, Plaintiff is a three-srtiker required to pay the full filing fee at the time he initiates his complaint, or be under imminent danger of serious physical injury in order to proceed with his claims. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)(the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time); *Vanderberg,* 259 F.3d 1321, 1324 (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced). Plaintiff failed to do either. Plaintiff filed both of his Complaints (Docs. 1, 4), without paying the filing fee, and in lieu of paying, has requested permission to proceed without prepayment of fees (Docs. 2, 6), which are due to be denied based on Plaintiff's three-striker status reasoned above. Therefore, to proceed without having paid the filing fee, Plaintiff must demonstrate imminent danger of serious physical injury. Reviewing Plaintiff's Complaint, the Court concludes that he has failed to adequately plead a situation of imminent danger of serious physical injury.

The substance of Plaintiff's Complaint fails to meet the "imminent danger of serious physical injury" exception

7

because Plaintiff's Complaint is pled in a conclusory manner and conclusions, without more, cannot be taken as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009); *see also Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000)("[t]his court has consistently held that conclusory allegations without specific supporting facts have no probative value"); *see also Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984)(same).

Even if taken as true, Plaintiff's allegations, at the time he filed his Complaint, do not rise to the level of imminent danger of serious physical injury under § 1915(g). In assessing whether Plaintiff satisfies the exception to § 1915(g), "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d at 1350. A plaintiff "must allege and provide specific fact allegations of an ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Ball v. Allen*, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007)(unpublished) (citations and quotation marks omitted). The specific allegations must demonstrate that at the time the complaint was filed, the danger existed. *Id.* at *2. For example, "[a] prisoner alleges

imminent danger of serious physical injury, when he alleges that a total withdrawal of treatment for serious diseases, including human immunodeficiency virus ("HIV") and hepatitis, will cause him to suffer from severe ongoing complications, increased susceptibility to various illnesses, and a rapid deterioration of his condition." S*killern v. Paul,* 202 F. App'x. 343, 344 (11th Cir. 2006)(citation omitted).

Absent from Plaintiff's Complaint is any factually supported reference to an imminent and serious physical injury, or establishment of a pattern of Defendants' misconduct likely to result in Plaintiff's imminent and serious physical injury. Plaintiff's Complaint alleges that Defendant inflicted cruel and unusual punishment on him because "[Plaintiff] has a preexisting medical condition called Arterial Venous Malformation (AVM's) . . . [which forms] a cluster of tangled up veins and arteries. . . . Recently, [Plaintiff] sign [sic] up to be examined for AVM's on July 9, 2013 due [sic] old medical reports from 2009 that revealed postoperative changes. . . . However [Plaintiff] has not been seen by defendant [sic] Barber and knew [sic] AVM's can grow back." (Doc. 4 at 4-5). Plaintiff further contends that Defendant Barber "inflicted cruel and unusual punishment upon plaintiff [sic] in

9

violation of the Constitutions [sic] Eighth Amendment [because] Barber knew [Plaintiff] was in need of medicare [sic] and disreguard [sic] his serious medical needs and treated his medical needs with indifference by delaying and/or dening [sic] needed medical care." (*Id.* at 6). Further, Plaintiff admits that the alleged injury occurred on April 11, 2013, approximately 3-4 months prior to the time he filed his Complaint. (*Id.* at 4).

Though Plaintiff's condition could indeed pose a situation of imminent danger of serious physical injury,[3]

---

[3] "AVM is a circulatory defect comprised of snarled tangles of arteries and veins which lack the normal capillary connections. In the absence of capillaries, the normal route of oxygen delivery to the brain is compromised. In AVM, arteries dump blood directly into veins through a passageway called a fistula. The flow rate is uncontrolled and extremely rapid-too rapid to allow oxygen to be dispersed to surrounding tissues.
This abnormally rapid rate of blood flow frequently causes blood pressure inside the vessels located in the central portion of an AVM directly adjacent to the fistula-an area doctors refer to as the *nidus*, from the Latin word for nest-to rise to dangerously high levels. The arteries feeding blood into the AVM often become swollen and distorted; the veins that drain blood away from it often become abnormally constricted (a condition called stenosis). Moreover, the walls of the involved arteries and veins are often abnormally thin and weak. Aneurysms— balloon-like bulges in blood vessel walls that are susceptible to rupture—may develop in association with approximately half of all neurological AVMs due to this structural weakness." *Hudson v. Astrue,* 2010 WL 3940985 at *1, n. 2 (M.D.Tenn. Oct. 6, 2010) *citing* National Institute of Neurological Disorders and Stroke, Arteriovenous Malformations and Other Vascular Lesions of the Central Nervous System Fact Sheet, NIH Pub. No.

10

there is little to no case law addressing the seriousness of AVM under the purview of § 1915(g). To the extent that Plaintiff's condition does pose potential serious physical injury, the Court finds that Plaintiff's Complaint fails to provide factually supported, specific allegations that he faces such imminent danger from his condition and thus, does not rise to the level of § 1915(g)'s exception. Therefore, the Court concludes that at the time Plaintiff filed his Complaint on August 21, 2013, he was not under imminent danger of serious physical injury. Without availing himself of § 1915(g)'s exception, and on account of his failure to pay the filing fee at the time of filing, this action is due to be dismissed without prejudice. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit")(emphasis in original). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

---

04-4854 (Aug. 13, 2010), http://www.ninds.nih.gov/disorders/avms/detail—avms.htm.

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 7th day of November, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE